# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NATHAN SOUKUP, ) | |
| ) | |
| Plaintiff, ) | CAUSE NO.: 4:19-CV-00293-CDP |
| ) | |
| v. ) | |
| ) | |
| BONZAI EXPRESS OF ST. LOUIS, INC. ) | |
| D/B/A CRAZY BOWLS AND WRAPS, ) | |
| ) | |
| Defendant. ) | |

## ANSWER AND ADDITIONAL DEFENSES TO COMPLAINT

COMES NOW Defendant, Bonzai Express of St. Louis, Inc., d/b/a Crazy Bowls and Wraps ("CBW" or "Defendant"), by and through its undersigned attorneys, and for its Answer and Additional Defenses to Plaintiff's Complaint ("Complaint"), states as follows:

## PARTIES & JURISDICTION

1. Defendant admits Plaintiff is an adult. Further answering, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations regarding Plaintiff's residence advanced in Paragraph 1 of Plaintiff's Complaint and, therefore, denies same.

2. Defendant admits the allegations advanced in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits Plaintiff seeks to invoke the Court's jurisdiction pursuant to the statute cited, but denies any allegation of a statutory violation advanced in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits Plaintiff was employed by Defendant within the Eastern District of Missouri and, therefore, admits venue in this Court is proper. Further answering, Defendant

1

denies Plaintiff was subjected to any unlawful conduct. Defendant denies any and all remaining allegations advanced in Paragraph 4 of Plaintiff's Complaint.

## FACTUALBACKGROUND

5. Defendant admits the allegations advanced in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations advanced in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegations advanced in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits Plaintiff commenced fulltime employment with Defendant on or about September 27, 2017 and was employed by Defendant until on or about January 15, 2019.

9. Defendant admits Plaintiff received a salary and benefits, including but not limited to a car allowance, phone reimbursement, health insurance, retirement plant (IRA) and paid time off as described in Defendant's Summary Plan Descriptions and related documents. All remaining allegations advanced in Paragraph 9 of Plaintiff's Petition are denied.

10. Defendant admits Keith Kitsis ("Kitsis") at all relevant times has been one of the owners of Defendant and was Plaintiff's supervisor from October 2018 to January 15, 2019. All remaining allegations advanced in Paragraph 10 are denied.

11. Defendant admits the allegations advanced in Paragraph 11 of Plaintiff's Complaint.

245156.1

12. Defendant admits it closed its Ohio restaurant(s) and transferred Plaintiff to the St. Louis area where he worked as a district manager with responsibility for assigned locations beginning in October, 2018.

13. Defendant admits the allegations advanced in Paragraph 13 of Plaintiff's Complaint.

14. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 14 of Plaintiff's Complaint and, therefore, denies same.

15. Defendant admits only that certain emails and text messages with Plaintiff sent to Kitsis speak for themselves. All remaining allegations advanced in Paragraph 15 are denied.

16. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 16 of Plaintiff's Complaint and, therefore, denies same.

17. Defendant admits only that certain emails and text messages with Plaintiff sent to Kitsis speak for themselves. All remaining allegations advanced in Paragraph 17 are denied.

18. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 18 of Plaintiff's Complaint and, therefore, denies same.

19. Defendant admits only that certain emails and text messages with Plaintiff sent to Kitsis speak for themselves. All remaining allegations advanced in Paragraph 19 are denied.

245156.1

20. Defendant admits only that certain emails and text messages with Plaintiff sent to Kitsis speak for themselves. All remaining allegations advanced in Paragraph 20 are denied.

21. Defendant admits it issued Plaintiff a "Disciplinary Action Form" that stated it was Plaintiff's "Final Warning" which speaks for itself. Further answering, Defendant admits this was the first "Disciplinary Action Form" issued to Plaintiff during employment with Defendant. All remaining allegations advanced in Paragraph 21 are denied.

22. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 22 of Plaintiff's Complaint and, therefore, denies same.

23. Defendant admits only that certain emails and text messages with Plaintiff sent to Kitsis speak for themselves. All remaining allegations advanced in Paragraph 23 are denied.

24. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations regarding Plaintiff working January 7 and/or January 8, 2019 and, therefore, denies same.

25. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 25 of Plaintiff's Complaint and, therefore, denies same.

26. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 26 of Plaintiff's Complaint and, therefore, denies same.

245156.1

27. Defendant admits only that Kitsis exchanged emails and text messages with Plaintiff which speak for themselves. All remaining allegations advanced in Paragraph 27 are denied.

28. Defendant admits Kitsis exchanged text messages on January 9, 2019 with Plaintiff which speak for themselves. All remaining allegations advanced in Paragraph 28 of Plaintiff's Complaint are denied.

29. Defendant admits Kitsis exchanged text messages on January 9, 2019 with Plaintiff which speak for themselves. All remaining allegations advanced in Paragraph 29 of Plaintiff's Complaint are denied.

30. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 30 of Plaintiff's Complaint and, therefore, denies same.

31. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 31 of Plaintiff's Complaint and, therefore, denies same.

32. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 32 of Plaintiff's Complaint and, therefore, denies same.

33. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 33 of Plaintiff's Complaint and, therefore, denies same.

245156.1

34. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 34 of Plaintiff's Complaint and, therefore, denies same.

35. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 35 of Plaintiff's Complaint and, therefore, denies same.

36. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 36 of Plaintiff's Complaint and, therefore, denies same.

37. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 37 of Plaintiff's Complaint and, therefore, denies same.

38. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 38 of Plaintiff's Complaint and, therefore, denies same.

39. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 39 of Plaintiff's Complaint and, therefore, denies same.

40. Defendant admits Plaintiff sent Kitsis an email on January 14, 2019, which speaks for itself. All remaining allegations advanced in Paragraph 40 of Plaintiff's Complaint are denied.

245156.1

41. Defendant admits Kitsis sent Plaintiff an email on January 14, 2019, which speaks for itself. All remaining allegations advanced in Paragraph 41 of Plaintiff's Complaint are denied.

42. Defendant admits Plaintiff sent Kitsis a text message on January 14, 2019, which speaks for itself. All remaining allegations advanced in Paragraph 42 of Plaintiff's Complaint are denied.

43. Defendant admits Kitsis sent Plaintiff a text message on January 14, 2019, which speaks for itself. All remaining allegations advanced in Paragraph 43 of Plaintiff's Complaint are denied.

44. Defendant admits Plaintiff replied with a text message which speaks for itself. All remaining allegations advanced in Paragraph 44 of Plaintiff's Complaint are denied.

45. Defendant admits Plaintiff emailed Kathleen Hennen on January 15, 2019, which speaks for itself. All remaining allegations advanced in Paragraph 45 of Plaintiff's Complaint are denied.

46. Defendant admits Hennen sent Plaintiff an email that morning which speaks for itself. All remaining allegations advanced in Paragraph 46 of Plaintiff's Complaint are denied.

47. Defendant admits Plaintiff Hennen an email on January 15, 2019, which speaks for itself. All remaining allegations advanced in Paragraph 47 of Plaintiff's Complaint are denied.

48. Defendant denies the allegations advanced in Paragraph 48 of Plaintiff's Complaint.

49. Defendant admits Kitsis mailed a letter to Plaintiff dated January 15, 2019 which speaks for itself. Further answering Defendant admits Kitsis attached a Disciplinary

245156.1

Action Form, but denies each and every remaining allegation advanced in Paragraph 49 of Plaintiff's Complaint.

50. Defendant admits Plaintiff's termination left him unemployed without income from Defendant but Defendant lacks sufficient knowledge or information with which to form a belief as to the truth whether or not he was without any income or benefits including health insurance from another employer thereafter and, therefore, denies same.

51. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 51 of Plaintiff's Complaint and, therefore, denies same.

52. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 52 of Plaintiff's Complaint and, therefore, denies same.

53. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 53 of Plaintiff's Complaint and, therefore, denies same.

54. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 54 of Plaintiff's Complaint and, therefore, denies same.

55. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations advanced in Paragraph 55 of Plaintiff's Complaint and, therefore, denies same.

56. Defendant denies the allegations advanced in Paragraph 56 of Plaintiff's Complaint.

245156.1

## COUNT I
## INTERFERENCE WITH RIGHTS PROTECTED BY THE FMLA

57. For its Answer to Paragraph 57 of Plaintiff's Complaint, Defendant incorporates by reference its answers to the preceding paragraphs as if fully stated herein.

58. The allegation Plaintiff was an eligible employee within the definition of the FMLA constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant admits only that Plaintiff had been employed for at least twelve (12) months by Defendant, had logged at least 1,250 hours of service and was employed at a work site where Defendant employed fifty (50) or more employees within seventy-five (75) miles. All remaining allegations advanced in Paragraph 58 of Plaintiff's Complaint are denied.

59. The allegation advanced in Paragraph 59 of Plaintiff's Complaint that Defendant was an employer within the definition of the FMLA constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant admits only that it was engaged in commerce or industry activity affecting commerce and employed fifty (50) or more employees during twenty (20) or more calendar work weeks in the current or preceding calendar year. All remaining allegations advanced in Paragraph 59 of Plaintiff's Complaint are denied.

60. The allegations Plaintiff suffered from a serious health condition constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations regarding Plaintiff's health condition and, therefore, denies same. All remaining allegations advanced in Paragraph 60 of Plaintiff's Complaint are denied.

61. The allegations that Plaintiff requested leave for a reason covered by the FMLA, namely a serious health condition constitutes a legal conclusion to which no responsive pleading

is required. To the extent a response is required, Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations regarding Plaintiff's health condition and whether it made him unable to perform the functions of his position as District Manager and, therefore, denies same. All remaining allegations advanced in Paragraph 61 of Plaintiff's Complaint are denied.

62. The allegations advanced in Paragraph 62 of Plaintiff's Complaint that Plaintiff gave Defendant notice for his leave under the FMLA constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant denies Plaintiff gave adequate notice. All remaining allegations advanced in Paragraph 62 of Plaintiff's Complaint are denied.

63. The allegations advanced in Paragraph 63 of Plaintiff's Complaint that Plaintiff suffered from a serious health condition and that he requested leave for a reason covered by the FMLA constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies Plaintiff provided sufficient information. Further answering, all remaining allegations advanced in Paragraph 63 of Plaintiff's Complaint are denied.

64. The allegations advanced in Paragraph 64 of Plaintiff's Complaint that Plaintiff suffered from a serious health condition and that Plaintiff requested leave for a reason covered by the FMLA constitute legal conclusions to which no responsive pleading is required. To the extent a response if required, Defendant states it lacks sufficient knowledge or information with which to form a belief as to the truth of the factual allegation regarding Plaintiff's health condition and whether Plaintiff was able to perform the functions of his District Manager position and, therefore, denies same. All remaining allegations advanced in Paragraph 64 of Plaintiff's Complaint are denied.

65. Defendant admits the allegations advanced in Paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations advanced in Paragraph 66 of Plaintiff's Complaint.

67. Defendant denies the allegations advanced in Paragraph 67 of Plaintiff's Complaint.

68. Defendant denies the allegations advanced in Paragraph 68 of Plaintiff's Complaint.

69. Defendant denies the allegations advanced in Paragraph 69 of Plaintiff's Complaint.

70. Defendant denies the allegations advanced in Paragraph 70 of Plaintiff's Complaint.

71. Defendant denies the allegations advanced in Paragraph 71 of Plaintiff's Complaint.

72. Defendant denies the allegations advanced in Paragraph 72 of Plaintiff's Complaint.

73. Defendant denies the allegations advanced in Paragraph 73 of Plaintiff's Complaint.

74. Defendant denies the allegations advanced in Paragraph 74 of Plaintiff's Complaint.

PRAYER FOR RELIEF: Defendant specifically denies Plaintiff is entitled to any of the relief requested in the Prayer for Relief set forth in Count I of Plaintiff's Complaint.

## COUNT II
## RETALIATION FOR EXERCISING RIGHTS PROTECTED BY THE FMLA

75. For its Answer to Paragraph 75 of Plaintiff's Complaint, Defendant incorporates by reference its answers to the preceding paragraphs as if fully stated herein.

76. The allegation Plaintiff was an eligible employee within the definition of the FMLA constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant admits only that Plaintiff had been employed for at least twelve (12) months by Defendant, had logged at least 1,250 hours of service and was employed at a work site where Defendant employed fifty (50) or more employees within seventy-five (75) miles. All remaining allegations advanced in Paragraph 76 of Plaintiff's Complaint are denied.

77. The allegation advanced in Paragraph 77 of Plaintiff's Complaint that Defendant was an employer within the definition of the FMLA constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant admits only that it was engaged in commerce or industry activity affecting commerce and employed fifty (50) or more employees during twenty (20) or more calendar work weeks in the current or preceding calendar year. All remaining allegations advanced in Paragraph 77 of Plaintiff's Complaint are denied.

78. The allegations Plaintiff suffered from a serious health condition constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations regarding Plaintiff's health condition and, therefore, denies same. All remaining allegations advanced in Paragraph 78 of Plaintiff's Complaint are denied.

79. The allegations that Plaintiff requested leave for a reason covered by the FMLA, namely a serious health condition constitutes a legal conclusion to which no responsive pleading

is required. To the extent a response is required, Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations regarding Plaintiff's health condition and whether it made him unable to perform the functions of his position as District Manager and, therefore, denies same. All remaining allegations advanced in Paragraph 79 of Plaintiff's Complaint are denied.

80. The allegations advanced in Paragraph 80 of Plaintiff's Complaint that Plaintiff suffered from a serious health condition and that he requested leave for a reason covered by the FMLA constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies Plaintiff provided sufficient information. Further answering, all remaining allegations advanced in Paragraph 80 of Plaintiff's Complaint are denied.

81. The allegations advanced in Paragraph 81 of Plaintiff's Complaint that Plaintiff suffered from a serious health condition and that Plaintiff requested leave for a reason covered by the FMLA constitute legal conclusions to which no responsive pleading is required. To the extent a response if required, Defendant states it lacks sufficient knowledge or information with which to form a belief as to the truth of the factual allegation regarding Plaintiff's health condition and whether Plaintiff was able to perform the functions of his District Manager position and, therefore, denies same. All remaining allegations advanced in Paragraph 81 of Plaintiff's Complaint are denied.

82. The allegation Plaintiff engaged in conduct protected by the FMLA constitutes a legal conclusion to which no responsive pleading is required. To the extent a response if required, Defendant denies the factual allegations advanced in Paragraph 82 of Plaintiff's Complaint.

83. Defendant denies the allegations advanced in Paragraph 83 of Plaintiff's Complaint.

84. Defendant denies the allegations advanced in Paragraph 84 of Plaintiff's Complaint.

85. Defendant denies the allegations advanced in Paragraph 85 of Plaintiff's Complaint.

86. Defendant denies the allegations advanced in Paragraph 86 of Plaintiff's Complaint.

87. Defendant denies the allegations advanced in Paragraph 87 of Plaintiff's Complaint.

88. Defendant denies the allegations advanced in Paragraph 88 of Plaintiff's Complaint.

89. Defendant denies the allegations advanced in Paragraph 89 of Plaintiff's Complaint.

90. Defendant denies the allegations advanced in Paragraph 90 of Plaintiff's Complaint.

PRAYER FOR RELIEF: Defendant specifically denies Plaintiff is entitled to any of the relief requested in the Prayer for Relief set forth in Count II of Plaintiff's Complaint.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

All allegations not specifically admitted herein are denied.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Any action by Defendant toward Plaintiff has been for lawful, legitimate, non-discriminatory business reasons unrelated to Plaintiff's exercise of rights under the FMLA or other alleged protected activity.

**FOURTH DEFENSE**

At all times relevant hereto, Defendant acted in good faith with regard to Plaintiff, had reasonable grounds for believing its actions were not in violation of the FMLA or any other anti-discrimination laws, and Defendant would have made the same decisions regardless of Plaintiff's exercise of rights under the FMLA or other alleged protected activity.

**FIFTH DEFENSE**

Plaintiff has failed to mitigate his damages if any.

**SIXTH DEFENSE**

Plaintiff's damages, if any, must be offset for failing to be available to work, by failing to actively and earnestly search for work, by forgoing wages and benefits which could have been earned with reasonable diligence, and/or his successful mitigation by obtaining other employment for which he earned income and received other benefits.

**SEVENTH DEFENSE**

Plaintiff cannot allege or establish sufficient facts to permit or entitle Plaintiff to recover liquidated damages.

**EIGHTH DEFENSE**

Plaintiff's damages, if any, should be barred under the after acquired evidence doctrine in the event that Defendant learns information concerning Plaintiff that would have otherwise ended his employment.

245156.1

## NINTH DEFENSE

All or part of Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## TENTH DEFENSE

Plaintiff's prayer for equitable remedies, if any, are not triable to a jury.

## ELEVENTH DEFENSE

Plaintiff's claims for damages are barred to the extent Plaintiff seeks compensatory damages or any other damages not provided by the Family and Medical Leave Act.

## TWELFTH DEFENSE

Defendant reserves the right to plead any additional, separate defenses, the availability of which may come to light as the action progresses.

WHEREFORE, Defendant having answered Plaintiff's Complaint and having set forth its Defenses, respectfully requests that the Complaint be dismissed in its entirety, at Plaintiff's cost, and for such other and further relief as may be appropriate, including an award of attorneys' fees incurred in the defense of this action.

Respectfully submitted,

McMAHON BERGER P.C.

*/s/Thomas O. McCarthy*
Thomas O. McCarthy, #22636
Robert D. Younger, #42909
2730 North Ballas Road, Suite 200
St. Louis, MO 63131-3039
(314) 567-7350 – Telephone
(314) 567-5968 – Facsimile
mccarthy@mcmahonberger.com
younger@mcmahonberger.com

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of March, 2019 a true and correct copy of the foregoing was served via the Court's electronic filing system upon:

Kevin J. Dolley
Law Offices of Kevin J. Dolley, LLC
2726 S. Brentwood Blvd.
St. Louis, MO 63144

*Attorney for Plaintiff*

                                                   */s/Thomas O. McCarthy*