IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATHAN SOUKUP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:19-CV-00293-CDP |
| | ) |
| BONZAI EXPRESS OF ST. LOUIS, INC., | ) |
| D/B/A CRAZY BOWLS AND WRAPS, | ) |
| | ) |
| Defendant. | ) |

## AGREED PROTECTIVE ORDER

For good cause shown under Federal Rule of Civil Procedure 26(c), the Court grants the parties' Joint Motion for Protective Order (Doc. #12) and hereby finds and orders as follows:

**1.    Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Protective Order, as set forth herein.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Protective Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

**2.    Definition of Confidential Information.**  "Confidential Information" is defined as information the producing party identifies as having been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because such disclosure and use is (1) restricted by statute or (2) could potentially cause harm to the interests of the disclosing party or nonparties.  For purposes of this Protective Order, the

1

parties will limit their designation of "Confidential Information" to the following categories of information or documents: Plaintiff's financial and income records, including tax returns; Plaintiff's medical records; records or information protected by HIPAA or other applicable state or federal statutes; Plaintiff's insurance records; records regarding current and former employees of Defendant; Defendant's trade secrets and proprietary information, Defendant's financial information, including but not limited to bank statements, tax returns, profit and loss statements, and accounting records; documents related to the operation of Defendant's business, including policies, practices, or procedures; and such other similar information the parties deem to be confidential and/or proprietary.  Information or documents that are available to the public may not be designated as Confidential Information.  A producing party shall only designate information as Confidential Information in good faith.

3. **Form and Timing of Designation.**  The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Protective Order by marking or placing the word "Confidential" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  A document shall be designated "Confidential" prior to or at the time the document is produced or disclosed.  Designating a document does not give the document any protected status other than the protections afforded under the terms of this Protective Order.  Copies of any designated document(s) must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the

substance of the Confidential Information are not required to be marked. By marking a designated document as Confidential, the designating attorney certifies that the document contains Confidential Information as defined in this Protective Order.

**4.     Inadvertent Failure to Designate.**  Inadvertent failure to designate any document or material as Confidential will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Protective Order, so long as a claim of confidentiality is asserted within thirty (30) days after discovery of the inadvertent failure.

**5.     Depositions.**  Deposition testimony and exhibits will be deemed confidential only if designated as such when the deposition is taken or within thirty (30) days after receipt of the deposition transcript.  Any such designation must specifically identify, by line and page number(s) or exhibit number(s), the portions of the transcript and/or exhibit(s) so designated.

**6.     Protection of Confidential Material.**

**(a)     General Protections.**  Designated Confidential Information may be used or disclosed solely to prosecute or defend this lawsuit, including any appeal(s); to prosecute or defend a directly related legal proceeding brought by one of the parties to this litigation; or as otherwise required by law or Court order.

**(b)     Who May View Designated Confidential Information.**  Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

  (1) The parties to this litigation, including any employees, agents, and representatives of the parties;

  (2) Counsel for the parties and employees and agents of counsel;

3

(3) The Court and Court personnel, including any special master appointed by the court, and members of the jury;

(4) Court reporters, recorders, and videographers engaged for depositions, hearings, or trial;

(5) Any mediator appointed by the Court or jointly selected by the parties;

(6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have been advised of the terms of this Protective Order and executed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7) Any potential, anticipated, or actual fact witness (other than the parties to this litigation) and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have been advised of the terms of this Protective Order and executed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c) Control of Documents**.  The parties must make reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to this Protective Order.  Counsel for the parties must maintain a record of those persons (other than employees of counsel) who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons

acknowledging their obligations under this Protective Order.

    **7.**    **Filing of Confidential Information**.  In the event a party seeks to file any document containing Confidential Information subject to protection under this Protective Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with the applicable Court rules.

    Nothing in this Protective Order will be construed as a prior directive to allow any document to be filed under seal.  The parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion.  If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

    **8.**    **Challenges to a Confidential Designation.**  The designation of any material or document as Confidential Information is subject to challenge by any party.  Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.  Until the Court

5

rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Protective Order.

9. **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Protective Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10. **Obligations on Conclusion of Litigation.**

    (a) **Protective Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Protective Order will remain in effect and continue to be binding after conclusion of the litigation.

    (b) **Return of Confidential Documents.** Within thirty (30) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

    (c) **Retention of Work Product.** Notwithstanding the above requirements to

6

return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Protective Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

      **11.**    **Order Subject to Modification**. This Protective Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Protective Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

      **12.**    **No Prior Judicial Determination.** This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Protective Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

      **13.**    **Persons Bound by Protective Order.** This Protective Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Protective Order by its terms.

      **14.**    **Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Protective Order will terminate on the final disposition of this case, provided, however, that a party may file a motion to seek leave to reopen the case to enforce the provisions of this Protective Order.

**15.** **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Protective Order or another protective order agreed to by all parties.

**16.** **Protections Extended to Third-Parties' Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if requested by the third party or any party at the time of production or within thirty (30) days thereafter. The party requesting documents from a third party is obligated to disclose the existence of the Protective Order to the third party prior to or at the time of production.

**17.** **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, within three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

Within three (3) business days after receiving the subpoena or order, the receiving party must inform, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Protective Order to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of

this Protective Order and to afford the designating party in this case an opportunity to protect its Confidential Information before the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

18. **Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within ten (10) days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Protective Order. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence. The terms and provisions of this Protective Order shall

not be deemed or interpreted to require the disclosure or production by any party hereto of any documents or information otherwise subject to a valid claim of attorney-client, work product, or other privilege or protection against disclosure in discovery.

SO ORDERED,

_____
Hon. Catherine D. Perry
United States District Judge

Date: April 25, 2019

**ATTACHMENT A**

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, *Nathan Soukup v. Bonzai Express of St. Louis, Inc.*; Case No. 4:19-CV-00293-CDP, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Missouri in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____
_____

Date: _____

Signature: _____